## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HANNAH LARUCCI and NICHOLAS SPINELLI, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CROSSROADS TOO, INC., d/b/a CROSSROADS TAVERN & EATERY, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiffs Hannah Larucci and Nicholas Spinelli, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("MWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("Wage Act"), complains of defendant Crossroads Too, Inc., d/b/a Crossroads Tavern & Eatery, for not paying Larucci and Spinelli for many of the hours they worked when they were employed by Crossroads.

### Jurisdiction and Venue

1.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question); 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

2.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue, generally) and 29 U.S.C. § 216(b) (FLSA).

**Parties**

3.      Plaintiffs Larucci and Spinelli are former Crossroads' employees. Attached to this complaint are their consent forms, signifying their agreement to participate in this action.

4.      Crossroads is an Illinois corporation which operates a restaurant and bar in Wood Dale, DuPage County, Illinois.

**Crossroads Regularly Failed To Pay Larucci And Spinelli All Their Pay**

5.      Larucci worked for Crossroads separately as an assistant manager and as a bartender from August 2015 to November 2016.

6.      Larucci worked between five and fifteen hours per week as assistant manager, for which she was paid $10.00 per hour in cash. Larucci spent the rest of her week at Crossroads bartending, for which she was to be paid $4.95 per hour, plus tips.

7.      Larucci worked a total of fifty to sixty hours per week.

8.      Spinelli worked for Crossroads as a bartender from November 2015 to November 2016. He earned $4.95 per hour, plus tips.

9.      Spinelli worked an average of fifty hours per week.

10.      The paychecks that Crossroads issued to Larucci and Spinelli every two weeks reflected substantially fewer hours than each had worked.

**Count 1 – Larucci**
**FLSA – Overtime Pay**

11.      Paragraphs 1 through 10 are incorporated by reference.

12.      The FLSA requires an employer to pay its covered, non-exempt employee one and one-half times her regular hourly rate for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

13.     Crossroads was Larucci's employer, and Larucci was Crossroads' employee, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

14.     Crossroads, by its management agent or agents, violated the FLSA by deducting time from Larucci's worked and recorded hours, which resulted in her receiving less than the legal overtime rate for her overtime hours.

15.     Crossroads' violation of the FLSA was willful.

16.     As a direct result of Crossroads' violation of the FLSA, Larucci suffered the loss of compensation in the form of overtime pay.

### Count 2 – Spinelli
### FLSA – Overtime Pay

17.     Paragraphs 1 through 10 are incorporated by reference.

18.     The FLSA requires an employer to pay its covered, non-exempt employee one and one-half times his regular hourly rate for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

19.     Crossroads was Spinelli's employer, and Spinelli was Crossroads' employee, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

20.     Crossroads, by its management agent or agents, violated the FLSA by deducting time from Spinelli's worked and recorded hours, which resulted in him receiving less than the legal overtime rate for his overtime hours.

21.     Crossroads' violation of the FLSA was willful.

22.     As a direct result of Crossroads' violation of the FLSA, Spinelli suffered the loss of compensation in the form of overtime pay.

## Count 3 – Larucci
## MWL – Overtime Pay

23.     Paragraphs 1 through 10 are incorporated by reference.

24.     The MWL requires an employer to pay its covered, non-exempt employee one and one-half times her regular hourly rate for each hour worked in excess of forty in a workweek. 820 ILCS 105/3(c), (d).

25.     Crossroads was Larucci's employer, and Larucci was Crossroads' employee, within the meaning of the MWL. 820 ILCS 105/3(c), (d).

26.     Crossroads, by its management agent or agents, violated the MWL by deducting time from Larucci's worked and recorded hours, which resulted in her receiving less than the legal overtime rate for her overtime hours.

27.     Crossroads' violation of the MWL was willful.

28.     As a direct result of Crossroads' violation of the MWL, Larucci suffered the loss of compensation in the form of overtime pay.

## Count 4 – Spinelli
## MWL – Overtime Pay

29.     Paragraphs 1 through 10 are incorporated by reference.

30.     The MWL requires an employer to pay its covered, non-exempt employee one and one-half times his regular hourly rate for each hour worked in excess of forty in a workweek. 820 ILCS 105/3(c), (d).

31.     Crossroads was Spinelli's employer, and Spinelli was Crossroads' employee, within the meaning of the MWL. 820 ILCS 105/3(c), (d).

32.     Crossroads, by its management agent or agents, violated the MWL by deducting time from Spinelli's worked and recorded hours, which resulted in him receiving less than the legal overtime rate for his overtime hours.

33.     Crossroads' violation of the MWL was willful.

34.     As a direct result of Crossroads' violation of the MWL, Spinelli suffered the loss of compensation in the form of overtime pay.

### Count 5 – Larucci
### Wage Act – Wages

35.     Paragraphs 1 through 10 are incorporated by reference.

36.     Crossroads promised to pay Larucci for all hours she worked.

37.     The Wage Act enforces agreements by employers to pay wages to an employee.

38.     Crossroads paid Larucci her wages, with substantial unauthorized deductions.

39.     Crossroads violated the Wage Act by paying Larucci for less than the hours she worked, in violation of its agreement with her.

40.     Crossroads also deducted money from Larucci's wages, allegedly for the cost of meals, which she either did not eat or for which Crossroads charged her again when she did eat them.

41.     Crossroads' violation of the Wage Act was willful.

42.     As the direct result of Crossroads' violation of the Wage Act, Larucci suffered damages in the form of lost compensation.

### Count 6 – Spinelli
### Wage Act – Wages

43.     Paragraphs 1 through 10 are incorporated by reference.

44.     Crossroads promised to pay Spinelli for all hours he worked.

45. The Wage Act enforces agreements by employers to pay wages to an employee.

46. Crossroads paid Spinelli his wages, with substantial unauthorized deductions.

47. Crossroads violated the Wage Act by paying Spinelli for less than the hours he worked, in violation of its agreement with him.

48. Crossroads also deducted money from Spinelli's wages, allegedly for the cost of meals, which he either did not eat or for which Crossroads charged him again when he did eat them.

49. Crossroads' violation of the Wage Act was willful.

50. As the direct result of Crossroads' violation of the Wage Act, Spinelli suffered damages in the form of lost compensation.

Wherefore, plaintiffs Hannah Larucci and Nicholas Spinelli request the Court to enter judgment in their favor against defendant Crossroads Too, Inc., d/b/a Crossroads Tavern & Eatery, awarding plaintiffs:

A. Damages in the form of lost wages and overtime pay;

B. Liquidated damages in the amount of double their actual damages;

C. Interest at the rate of two percent per month from the time each withheld wage payment was due;

D. Their reasonable attorneys' fees; and

E. The costs of this action.

6

## **Jury Demand**

Plaintiffs request a trial by jury.

*Andrew H. Haber*
One of Plaintiffs' Attorneys
Dennis R. Favaro
*dfavaro@favarogorman.com*
Andrew H. Haber
*ahaber@favarogorman.com*
Patricia L. Jochum
*pjochum@favarogorman.com*
Max Barack
*mbarack@favarogorman.com*
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER TO THE FAIR LABOR STANDARDS ACT

By signing below, I represent that I have been employed by Crossroads Too, Inc., d/b/a Crossroads Tavern & Eatery, within the last three years, and in one or more workweeks I was paid not all the overtime pay that was owed to me under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Through this consent, I authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all others similarly situated to me.

Dated: 5/15

Hannah Larucci

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER TO THE FAIR LABOR STANDARDS ACT

By signing below, I represent that I have been employed by Crossroads Too, Inc., d/b/a Crossroads Tavern & Eatery, within the last three years, and in one or more workweeks I was paid not all the overtime pay that was owed to me under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Through this consent, I authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all others similarly situated to me.

Dated: 5/17/18

Nicholas Spinelli